UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN - 4 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Rufus Wayne Hopkins, )
)
      Plaintiff, )
)
v. ) Civil Action No. **10 0915**
)
United States Department of Justice, )
Eric Holder Jr., )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a federal prisoner at the United States Penitentiary Big Sandy in Inez, Kentucky, challenging what is presumed to be a judgment of conviction. Plaintiff claims that defendants "lacked probable cause because the statute of limitations expired in my criminal case [and that he has] been maliciously prosecuted." Compl. at 7 (page number supplied). He seeks monetary damages of $50 million and "an absolute vacating of the indictment for want of statute of limitation." *Id.*

A challenge to a federal conviction or sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the



constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing); *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action because the remedy of *habeas corpus* was available in the location of the plaintiffs' custodian); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas) (citations omitted). Section 2255 states that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Plaintiff does not identify the criminal case, but a search of this Court's criminal dockets failed to locate such a case here. It appears, then, that this Court lacks jurisdiction over plaintiff's claim for injunctive relief.

Because a judgment of conviction based on an untimely indictment would necessarily void the conviction, plaintiff cannot recover monetary damages without first showing that he has

invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing. He therefore has failed to state a claim upon which monetary relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Eric S. Huck
United States District Judge

Date: May 18, 2010